UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFERY DUANE RAGAN,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-44-DRL-MGG

JOHN SALYER *et al.*,

    Defendants.

## OPINION AND ORDER

Jeffery Duane Ragan, a prisoner without a lawyer, is proceeding in this case "against Safety Officer John Salyer and Officer Chad Mullencupp in their individual capacities for compensatory and punitive damages for being deliberately indifferent to the risk posed by the faulty door in Mr. Ragan's unit, resulting in injury on February 28, 2021, in violation of the Eighth Amendment[.]" ECF 11 at 7. The defendants filed a motion for summary judgment, arguing Mr. Ragan didn't exhaust his administrative remedies before filing this lawsuit. ECF 23. Mr. Ragan filed a response, and the defendants filed a reply. ECF 35, 38. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants argue Mr. Ragan didn't exhaust his administrative remedies before filing this lawsuit because he submitted two grievances related to his February 28 injury which were both rejected by the grievance office. ECF 24 at 5-6. Specifically, they provide evidence Mr. Ragan submitted a grievance on March 10, 2021, complaining his hand was crushed by his door on February 28 because the door was missing its handle and Officer Mullencupp ordered him to stop the door from slamming. ECF 25-1 at 6; ECF

2

25-4 at 4. On March 22, 2021, the grievance office rejected Mr. Ragan's March 10 grievance because it contained "unsubstantiated claims," concluding his door did have a handle and his door closure already had been replaced. ECF 25-1 at 6; ECF 25-4 at 3. On March 23, 2021, Mr. Ragan submitted a revised grievance explaining his door had a shoulder-high doorknob but was missing its waist-high handle. ECF 25-1 at 6; ECF 24-5 at 2. The grievance office rejected Mr. Ragan's March 23 grievance as untimely because it was submitted more than ten business days after February 28. ECF 25-1 at 6; ECF 24-5 at 1.

Here, the undisputed facts show the grievance office made Mr. Ragan's administrative remedies unavailable by improperly rejecting his grievances. Specifically, the grievance office's determination that Mr. Ragan's March 10 grievance contained "unsubstantiated claims" addresses the merits of the grievance and is thus a reason for denying and not for rejecting the grievance. There is no requirement in the Offender Grievance Process that a grievance must be meritorious to be properly submitted. *See* ECF 25-2 at 9-10 (listing the standards of a properly submitted grievance). Then, one day after Mr. Ragan's March 10 grievance was improperly rejected, he submitted a revised grievance which was improperly rejected as untimely. *See id.* at 10 (an inmate may submit a revised grievance "within five (5) business days from the date" his grievance is rejected). By improperly rejecting Mr. Ragan's properly submitted grievances, the grievance office left him without any further available remedies. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance"). The defendants argue Mr. Ragan should have "appealed" the rejection of his grievances (ECF 24 at 6), but the grievance process only provides a mechanism to appeal

grievances that are denied on the merits and does not provide any mechanism to appeal grievances that are rejected. *See* ECF 25-2 at 12-13.

Accordingly, because the undisputed facts show the grievance office made Mr. Ragan's administrative remedies unavailable by improperly rejecting his grievances, the defendants have not met their burden to show Mr. Ragan had available administrative remedies he didn't exhaust before filing this lawsuit. For these reasons, the defendants' motion for summary judgment (ECF 23) is DENIED.

SO ORDERED.

March 11, 2024                                *s/ Damon R. Leichty*
                                              Judge, United States District Court