UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFERY DUANE RAGAN,

    Plaintiff,

    v.

JOHN SALYER and CHAD
MULLENCUPP,

    Defendants.

CAUSE NO. 3:23-CV-00044-SJF

OPINION AND ORDER

Jeffery Duane Ragan, a prisoner without a lawyer, is proceeding in this case against Safety Officer John Salyer and Officer Chad Mollencupp "in their individual capacities for compensatory and punitive damages for being deliberately indifferent to the risk posed by the faulty door in Mr. Ragan's unit, resulting in injury on February 28, 2021, in violation of the Eighth Amendment[.]" ECF 11 at 7. On December 18, 2024, the defendants filed a motion for summary judgment, arguing they did not violate Ragan's Eighth Amendment rights. ECF 82. With the motion, the defendants provided Ragan the notice required by N.D. Ind. L.R. 56-1(f). ECF 85. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over six months ago, but

Ragan still has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a claim against prison officials for failure to protect, a plaintiff must provide evidence: "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks omitted). "Deliberate indifference occupies a space slightly below intent and poses a

2

'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). "Negligence, or even objective recklessness, is insufficient to satisfy deliberate indifference." *Stockton*, 44 F.4th at 615.

The defendants argue summary judgment is warranted in their favor because they were not deliberately indifferent to a serious risk of harm to Ragan. They provide affidavits, in which they attest to the following facts: On February 28, 2021, Officer Mollencupp was working as a correctional officer at Westville Correctional Facility ("WCF") when he observed Ragan, an inmate at WCF, exiting a door. ECF 82-1 at 1-2. Officer Mollencupp instructed Ragan not to let the door slam behind him as he exited. *Id.* at 2. As Ragan walked out, a gust of wind caught the door. *Id.* Instead of grabbing the doorknob, which was present and functional, Ragan reached back and placed his hand in between the door and the door jamb while the door was in motion to stop it from slamming. *Id.* Ragan's pinky finger was injured by the door. *Id.* Based on their experience and observations, Officer Mollencupp and Safety Officer Salyer expected an inmate in Ragan's position to use the doorknob to close the door safely, and did not expect him to place his hand between the moving door and the door jamb. *Id.*; ECF 82-2 at 2. To the best of Officer Mollencupp and Safety Officer Salyer's knowledge, no prior incidents involving that door have ever occurred. *Id.* Because Ragan does not respond

3

to the defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Here, based on the undisputed evidence in the record, no reasonable jury could conclude the defendants acted with "a total unconcern" for Ragan's health or safety. Specifically, it's undisputed that (1) neither defendant had any knowledge of any prior incidents involving the door that injured Ragan's finger, and (2) both defendants expected Ragan to use the doorknob to safely close the door and did not expect him to place his hand between the moving door and the door jamb to stop the door from slamming. Thus, while a reasonable jury could perhaps conclude Officer Mullencupp negligently contributed to Ragan's injury by instructing him not to let the door slam, there is no evidence in the record by which a reasonable jury could conclude the defendants acted with a "callous disregard" for Ragan's wellbeing. *See Rasho*, 22 F.4th at 710; *Stockton*, 44 F.4th at 615 ("Negligence, or even objective recklessness, is insufficient to satisfy deliberate indifference."). Thus, because no reasonable jury could conclude the defendants' conduct satisfied the "high hurdle and exacting standard" necessary to show deliberate indifference, summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 82); and

4

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Jeffery Duane Ragan and to close this case.

SO ORDERED on July 31, 2025.

                                                    s/Scott J. Frankel  
                                                  Scott J. Frankel  
                                                  United States Magistrate Judge